**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| APPLEBEE'S INTERNATIONAL, INC. and APPLEBEE'S RESTAURANTS LLC, ) ) ) | |
| Plaintiffs, ) ) | |
| ) | Case No. |
| v. ) ) | JURY TRIAL DEMANDED |
| SCENIC ROAD PRODUCTIONS, INC. and DARREN MARK, ) ) ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs Applebee's International, Inc. and Applebee's Restaurants LLC, (collectively, "Plaintiffs" or "Applebee's"), by and through counsel, for their Complaint against Defendants Scenic Road Productions, Inc. ("SRP") and Darren Mark (collectively, "Defendants"), state and allege as follows:

**Parties, Jurisdiction, and Venue**

1. Applebee's International, Inc. is a Delaware corporation with its principal place of business in Glendale, California, and a mailing address at 8140 Ward Parkway, Kansas City, Jackson County, Missouri 64114.

2. Applebee's Restaurants LLC is a Delaware corporation with its principal place of business in Glendale, California.

3. On information and belief, Scenic Road Productions, Inc. is a Kansas corporation, at all times relevant hereto having maintained its principal place of business at 5343 Falmouth Road, Fairway, Kansas 66205. SRP can properly be served at: 5343 Falmouth Road, Fairway, Kansas 66205.

4. On information and belief, Darren Mark is an individual domiciled in Kansas. Darren Mark can properly be served at: 5343 Falmount Road, Fairway, Kansas 66205-2656.

5. This is an action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Copyright Act, 17 U.S.C. § 101 *et seq.*, and Missouri common law.

6. This Court has original subject-matter jurisdiction over the federal-law claims pursuant to 28 U.S.C. § 1331, 17 U.S.C. § 101 *et seq.*, and 15 U.S.C. § 1121.

7. This Court has supplemental jurisdiction over the claims arising under Missouri law pursuant to 28 U.S.C. § 1367(a), as such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. This Court has personal jurisdiction over Defendants because Defendants transact business in the State of Missouri, have committed tortious acts within the State of Missouri, and have other contacts with the State of Missouri. The causes of alleged action herein arise out of Defendants' contacts with the State of Missouri.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because SRP is an entity with the capacity to sue and be sued in its common name under applicable law that is subject to the Court's personal jurisdiction, and because a substantial portion of the events and conduct at issue occurred in this district.

**Facts Common to All Counts**

10. Darren Mark owns and controls SRP. Darren Mark had actual or constructive knowledge of SRP's tortious actions (as described herein), and personally committed them as an officer and director of SRP.

11. Plaintiffs own and/or operate one of the largest casual-dining chains in the world.

84063433\V-4

2

Case 4:15-cv-00306-HFS   Document 1   Filed 04/23/15   Page 2 of 19

12. Applebee's Restaurants LLC and its affiliates franchise and operate restaurants under the name Applebee's Neighborhood Grill & Bar.

13. Founded nearly three decades ago, Applebee's restaurants offer a fun, family-friendly atmosphere, and a signature bar and grill menu, to people of all ages and lifestyles.

14. Currently, there are over 1,990 Applebee's restaurants in 49 states, 15 international countries, and one United States territory.

15. Applebee's owns all the rights, including those based in common law and those conferred through registration, in a family of Applebee's-related trademarks, service marks, and trade names (collectively the "Applebee's Marks"). Applebee's has continuously used all of the Applebee's Marks in commerce throughout the United States since their respective dates of first use and such use has been substantially exclusive.

16. Applebee's has expended considerable time, money, and resources building and maintaining the substantial goodwill associated with the Applebee's Marks, which are valuable assets and important to Plaintiffs' business, as well as the Applebee's logo, trade secrets, marketing strategies, and other intellectual property ("the Applebee's IP").

17. Several of the Applebee's Marks have been registered with the United States Patent and Trademark Office, including:

   a. U.S. Service Mark Reg. No. 1,695,071 for APPLEBEE'S for restaurant services;

   b. U.S. Service Mark Reg. No. 1,927,107 for APPLEBEE'S for franchising, namely, offering technical assistance in the establishment and operation of restaurants;

   c. U.S. Service Mark Reg. No. 2,174,392 for APPLEBEE'S for restaurant services;

  d. U.S. Service Mark Reg. No. 3,435,409 for APPLEBEE'S and Design for franchising, namely, offering technical assistance in the establishment and operation of restaurants, and restaurant and catering services;

  e. U.S. Service Mark Reg. No. 3,495,064 for Design for franchising, namely, offering technical assistance in the establishment and operation of restaurants, and restaurant and catering services.

  f. U.S. Service Mark Reg. No. 3,810,392 for Design for restaurant services.

Copies of the certificates of registration for the Applebee's Marks listed above are attached hereto as **Exhibit A**.

  18. One or more of the Applebee's Marks appears prominently in all of Applebee's advertising, on which Applebee's spends millions of dollars each year. Applebee's marketing efforts include widespread advertising on television and radio, in newspapers, on outdoor billboards, in internet marketing, in e-mail campaigns, and on Applebee's internet site at applebees.com. The Applebee's Marks are also prominently featured on virtually every menu, building, and sign in each of the nearly 2,000 company-owned and franchised locations. As a result of this extensive advertising and use, Applebee's has developed significant consumer recognition and goodwill in the Applebee's Marks.

  19. In addition, Applebee's owns all the rights conferred under the Copyright Act, 17 U.S.C. § 101 et seq., in the Applebee's logo, an original work of authorship comprising the stylized word "Applebee's" and an apple design. It has registered this work with the United States Copyright Office, U.S. Copyright Reg. No. VA 1-841-182 ("Registered Work"). A copy of the certificate of registration is attached as **Exhibit B**.

20.     The term APPLEBEE'S is synonymous with Plaintiffs to the general public, and carries with it the reputation of Plaintiffs developed over the last 30 years.  The Applebee's Marks have developed a secondary meaning associating them with Plaintiffs.  The Applebee's Marks are distinctive, widely recognized, and engender a substantial amount of goodwill.

21.     Plaintiffs have exclusive, nationwide rights to use the Applebee's Marks.  The Applebee's Marks have become associated in the minds of consumers exclusively with Plaintiffs as a result of Plaintiffs' continuous, extensive, and exclusive use of the Applebee's Marks in connection with high-quality, family friendly restaurant services.  The Applebee's Marks are famous nationwide, and enjoy a high degree of consumer recognition.

22.     As a consequence of Plaintiffs' widespread use of the Applebee's Marks, the extensive advertising and promotion of Plaintiffs' APPLEBEE'S goods and services, and the exceptional marketplace acceptance of the APPLEBEE'S goods and services, the Applebee's Marks have come to be recognized by the consuming public as identifying Plaintiffs as the exclusive source and origin of such products and distinguishing Plaintiffs' good and services from those of others.  Because *all* federally registered trademarks incorporating the term APPLEBEE'S are owned by Plaintiffs, any use of the Applebee's Marks or IP implies consent and approval by Plaintiffs of the goods or services bearing the Applebee's Marks.

23.     Defendants claim to have produced five videos that comprise "a series of 'reality' vignettes showcasing Applebee's corporate chefs," as well as a video of "Reel Highlights" and a "2013 Veteran's Day" video (the seven videos will be referred to collectively as "the Videos").  The Videos contain and display the Applebee's Marks, Registered Work, branding, logos, and other Applebee's IP.

24. In addition to the Applebee's Marks and Registered Work, Plaintiffs have expended significant time, money, and effort in developing their marketing, promotional strategy, and public face. The Applebee's chain continues to grow, add value, broaden its appeal, and further differentiate itself in the market. Plaintiffs' efforts to so improve include complex strategic marketing, branding, and advertising—the success of which relies upon the maintenance of Plaintiffs' trade secrets, as well as the strength, viability, and distinctiveness of the Applebee's Marks, Registered Work, logos, products, and other property.

25. The Videos consist of, among other things, segments featuring Plaintiffs' chefs and their food preparation techniques and insights.

26. The Videos contain and constitute potential promotional and marketing materials that have not been approved by Plaintiffs, nor released to the public by Plaintiffs, such that the Videos constitute business strategies that Plaintiffs closely guard.

27. Plaintiffs have not approved, consented to, licensed or otherwise allowed Defendants to sell, utilize, advertise, or license the Applebee's Marks, Registered Work, or the Applebee's IP.

28. Upon information and belief, Defendants have used, distributed, advertised, offered for sale, and/or otherwise reproduced (or intend to do so), without the consent or authorization of Plaintiffs, the Videos, which contain the Applebee's Marks and the Registered Work and contain and constitute the Applebee's IP. Defendants' use includes, but is not limited to, its posting of the Videos on the Internet through YouTube and Facebook and providing Defendants' actual or prospective customers with access to the Videos.

29. Defendants' use includes the copying and displaying of the Applebee's Marks and Registered Work, among other things.

30. Upon information and belief, Defendants intend to continue such actions.

31. Defendants' actions infringe, falsely designate or describe, dilute, misappropriate, and attempt to pass off the Applebee's Marks and the Registered Work.

32. Defendants are aware, and has been aware, that Plaintiffs have not approved, consented to, licensed, or otherwise allowed for it to use, sell, advertise, or license the Videos that incorporate the Applebee's Marks, the Registered Work, and the Applebee's IP.

33. Defendants have passed off, and continue to pass off, their goods and services as being authorized by Plaintiffs, when in fact they are not.

34. So long as Defendants continue to use the Applebee's Marks, the Registered Work, and the Applebee's IP in connection with the unauthorized Videos, consumers have no practical way of knowing that Defendants are not authorized, sponsored, endorsed, or affiliated with Plaintiffs, and is utilizing the Applebee's Marks, the Registered Work, and the Applebee's IP without Plaintiffs' authorization. As a result, any consumer dissatisfaction with Defendants' goods and services is likely to be attributed, in part, to Plaintiffs.

35. Defendants have threatened to use and/or distribute the Videos without the consent and/or approval of Plaintiffs, and upon information and belief, are currently doing so.

36. By reason of Defendants' willful and wrongful acts, Plaintiffs have been seriously and irreparably damaged, and unless Defendants are restrained, Plaintiffs will continue to be so damaged.

## Count I: Declaratory Judgment

37. Plaintiffs incorporate the preceding allegations as if they were fully set forth herein.

38. Plaintiffs have a legally protected interest in the Applebee's Marks, the Registered Work, and the Applebee's IP.

39. Defendants have used, distributed, advertised, offered for sale, and/or otherwise reproduced (or intends to do so) the Videos, which incorporate the Applebee's Marks, the Registered Work, and the Applebee's IP.

40. Plaintiffs have not authorized Defendants' use, distribution, advertisement, offer for sale, and/or otherwise reproduction of the Applebee's Marks, the Registered Work, or the Applebee's IP, including to any third party.

41. Plaintiffs are entitled to a declaratory judgment that the Videos contain Plaintiffs' protected Applebee's Marks and the Registered Work and contain and constitute Plaintiffs' Applebee's IP, and therefore the Videos infringe Plaintiffs' legal rights and any use, advertising, sale, or distribution of the Videos without prior removal of the Applebee's Marks, the Registered Work, and Applebee's IP constitutes infringement and unfair competition.

42. This dispute is a real, substantial, and justiciable controversy, as well as ripe for the Court's determination.

43. There is no adequate remedy at law to ascertain the parties' respective rights to use and disseminate Applebee's property contained in the videos created by Defendants.

## Count II: Right of Publicity

38. Plaintiffs incorporate the preceding allegations as if they were fully set forth herein.

39. Defendants have already used and/or intend to further use, sell, offer for sale, distribute, and advertise the Videos to third parties.

40. The Videos contain the likenesses of Applebee's corporate chefs.

41. Neither Plaintiffs, nor their corporate chefs, have consented to the use, sale, offer for sale, distribution, or advertisement of the likenesses of Applebee's corporate chefs, individually or in the capacity of their employment.

42. Upon information and belief, Defendants have used, sold, offered for sale, distributed, and advertised (or intends to do so) the Videos containing such likenesses to obtain a commercial advantage.

43. Plaintiffs have suffered, and will continue to suffer, damages as a result of Defendants' actions. Plaintiffs are entitled to recover from Defendants all damages that Plaintiffs have sustained and will sustain, in addition to all gains, profits, and advantages obtained by Defendants as a result of its acts alleged above, in an amount not yet determined but exceeding $75,000.

44. Plaintiffs have no plain, speedy, and adequate remedy at law and are suffering irreparable injury as a result of the foregoing acts by Defendants. Plaintiffs have been and will continue to be irreparably harmed unless Defendants are preliminarily and permanently enjoined from its unlawful conduct. Plaintiffs are entitled to an injunction.

## Count III: Conversion

44. Plaintiffs incorporate the preceding allegations as if they were fully set forth herein.

45. Defendants presently possess the Applebee's Marks, Registered Work, branding, logos, or names.

46. Defendants have represented that they have already taken, used, controlled, appropriated, advertised, and disseminated (or intends to do so) the Applebee's Marks, Registered Work, branding, logos, or names.

47. Plaintiffs have not authorized Defendants' use, appropriation, advertisement, or dissemination of the Applebee's Marks, Registered Work, branding, logos, or names.

48. Defendants' appropriation, use, advertisement, and dissemination of the Applebee's Marks, Registered Work, branding, logos, or names indicates a claim of right in opposition to Plaintiffs' legally protected rights and interests in Marks, Registered Work, branding, logos, or names.

49. Plaintiffs have demanded that Defendants remove/return Marks, Registered Work, branding, logos, or names, as well as cease use, appropriation, advertisement and dissemination of Marks, Registered Work, branding, logos, or names.

50. Defendants have failed to comply or agree with Plaintiffs' reasonable demands.

51. By the foregoing actions, Defendants have unlawfully converted, tortiously taken, used, and misappropriated the Applebee's Marks, Registered Work, branding, logos, or names, thereby depriving Plaintiffs of their exclusive rights to ownership, control, and possession of Marks, Registered Work, branding, logos, or names.

52. Defendants' unlawful use, misappropriation, tortious taking, and conversion seriously interferes with Plaintiffs' rights of ownership and control of their property such that Defendants are required to pay Plaintiffs for the full value of the converted property as a matter of justice.

53. Defendants' unlawful use, misappropriation, tortious taking, and conversion of Plaintiffs' property was wrongful, intentional, and without just cause or excuse.

54. As a result of Defendants' actions, Plaintiffs' damages, including punitive damages, exceed $75,000, exclusive of costs and interest.

### Count IV: Trademark Infringement in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114

55. Plaintiffs incorporate the preceding allegations as if they were fully set forth herein.

56. Plaintiffs are the owners of the Applebee's strong and distinctive federally registered Marks, names, logos, and brands.

57. Plaintiffs have not authorized Defendants' use, advertisement, or display of the Applebee's Marks, branding, logos, or names.

58. Defendants have already used and/or intend to further use, advertise, and display the Applebee's Marks, branding, logos, or names, in connection with the sale, offering for sale, distribution, or advertising of Defendants' own goods and services.

59. Such use and dissemination of the Applebee's Marks in the conduct of business is deceptive and has caused, and is likely to continue to cause confusion, to cause mistake, or to deceive the public as to the source or origin of the Videos and approval or authorization by Plaintiffs, and upon information and belief, is so intended by Defendants.

60. Such use and dissemination of the Applebee's Marks in the conduct of business is deceptive and has caused, and is likely to continue to cause confusion, to cause mistake, or to deceive the public as to whether Defendants and/or the Videos are affiliated, connected, or associated with Plaintiffs, and upon information and belief, is so intended by Defendants.

61. By reason of Defendants' willful and wrongful acts set forth above, Plaintiffs are being and/or will be irreparably injured and have no adequate remedy at law. Defendants' past, and future, use in commerce of the Applebee's Marks to promote and market products unrelated to and unapproved by Plaintiffs constitutes infringement of Plaintiffs' federally registered Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

62. Plaintiffs have no plain, speedy, and adequate remedy at law and are suffering irreparable injury as a result of the foregoing acts of trademark infringement by Defendants, including damages to their business reputation and goodwill. Plaintiffs are entitled to an injunction pursuant to 15 U.S.C. § 1116(a). Unless Defendants are enjoined, Defendants will continue to infringe the Applebee's Marks and cause irreparable injury to Plaintiffs from deprivation of the goodwill associated with the Applebee's Marks.

63. Plaintiffs have suffered, and will continue to suffer, damages as a result of Defendants' infringement of the Applebee's Marks, including damage to their business reputation and goodwill. Plaintiffs are entitled to recover from Defendants all damages that Plaintiffs have sustained and will sustain, in addition to all gains, profits, and advantages obtained by Defendants as a result of its infringing acts alleged above, in an amount not yet determined but exceeding $75,000, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117. The damages should be trebled pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b). In the alternative, Plaintiffs are entitled to statutory damages pursuant to 15 U.S.C. § 1117(c).

64. Plaintiffs are entitled to attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b).

**Count V: Violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125**

65. Plaintiffs incorporate the preceding allegations as if they were fully set forth herein.

66. Plaintiffs have not authorized Defendants' use, appropriation, or dissemination to any third party of the Applebee's Marks, branding, logos, or names.

67. Defendants have already used and/or will use, appropriate, and disseminate, without authorization, the Applebee's Marks, branding, logos, or names, in connection with the sale, offering for sale, distribution, or advertising of Defendants' own goods and services.

68. Defendants' use and dissemination of the Applebee's Marks, branding, logos, or names in connection with commerce is deceptive, has caused, and will likely cause confusion or to cause mistake, or to deceive as to whether Defendants and the Videos are affiliated, connected, or associated with Plaintiffs.

69. Defendants' use and dissemination of the Applebee's Marks, branding, logos, or names in connection with commerce is deceptive, has caused, and will likely cause confusion or to cause mistake, or to deceive as to whether the Videos constitute Plaintiffs' marketing, branding, and advertising.

70. Defendants' use and dissemination of the Applebee's Marks, branding, logos, or names in connection with commerce is deceptive, has caused, and will likely cause confusion or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods and services, or commercial activities.

71. The public is likely to believe that the goods and services offered by Defendants are licensed, sponsored, authorized, approved, or in some other way associated or connected with Plaintiffs' business conducted under the Applebee's Marks.

72. Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the Applebee's Marks.

73. Defendants have deliberately and willfully attempted to mislead the public and the trade into believing that Defendants' services are sponsored, authorized, or approved by or are in some other way associated with Plaintiffs.

74. Defendants, by reason of their acts set forth above, have made and will continue to make profits to which they are not in equity or in good conscience entitled.

75. By reason of Defendants' acts set forth above, Plaintiffs are being and/or will be irreparably injured and have no adequate remedy at law. Defendants' acts set forth above constitute a false association and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

76. Plaintiffs have no plain, speedy, and adequate remedy at law and are suffering and/or will suffer irreparable injury as a result of the foregoing acts of unfair competition by Defendants. Plaintiffs have been and will continue to be irreparably harmed unless Defendants are preliminarily and permanently enjoined from its unlawful conduct. Plaintiffs are entitled to an injunction pursuant to 15 U.S.C. § 1116(a).

77. Plaintiffs have suffered and will continue to suffer damages as a result of Defendants' acts of unfair competition, including damage to their business reputation and goodwill. Plaintiffs are entitled to recovery of any and all profits Defendant has made as a result of its wrongful conduct, any damages sustained by Plaintiffs, and the costs of this action. The damages should be trebled pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b). In the alternative, Plaintiffs are entitled to statutory damages pursuant to 15 U.S.C. § 1117(c).

78. Plaintiffs are entitled to attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b).

### Count VI: Violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*

79. Plaintiffs incorporate the preceding allegations as if they were fully set forth herein.

80. Applebee's is the copyright owner of the Registered Work.

81. Defendants copied and displayed, and continue to copy and display, the Registered Work in violation of the exclusive rights owned by Applebee's as contemplated by 17 U.S.C. § 501.

82. Plaintiffs have suffered and will continue to suffer damages as a result of Defendants' acts.

83. Defendants' infringing actions have been willful and, upon information and belief, will continue to infringe Plaintiffs' rights unless enjoined by this Court.

**Count VII: Violations of Mo. Rev. Stat. § 417.061**

84. Plaintiffs incorporate the preceding allegations as if they were fully set forth herein.

85. Plaintiffs are the owners of the strong and distinctive Marks, names, logos, and brands.

86. Plaintiffs have not authorized Defendants' use, appropriation, or display of the Applebee's Marks, names, logos, or brands.

87. Defendants have already used and/or intends to further use, appropriate, and display the Applebee's Marks, names, logos, and brands, in connection with the sale, offering for sale, distribution, and advertising of Defendants' own goods and services.

88. Defendants' use, appropriation, and display of the Applebee's Marks, separately or as a part of Defendants' use, sale, offer for sale, and/or advertisement of the Videos has and/or will likely injure Plaintiffs' business reputation and/or dilute the value and distinctive quality of the Applebee's Marks, names, and brands.

89. Defendants' use, appropriation, and dissemination of The Applebee's Marks, separately or as a part Defendants' use, sale, offer for sale, and/or advertisement of the Videos,

has and/or will likely cause confusion, cause mistake, and deceive the public as to the source, sponsorship, affiliation or endorsement of the Videos and as to Defendants' goods and services that incorporate the Applebee's Marks without authorization of Plaintiffs.

90. By reason of Defendants' acts set forth above, Plaintiffs are being irreparably injured and have no adequate remedy at law.

91. By reason of Defendants' intentional and willful dilution of the Applebee's Marks, Plaintiffs have been and will continue to be irreparably harmed unless Defendants are preliminarily and permanently enjoined from its unlawful conduct.

92. Plaintiffs are entitled to recover from Defendants all damages that they have sustained and will sustain, and all gains, profits and advantage obtained by Defendants as a result of its acts alleged above, in an amount not yet determined.

## Count VIII: Common Law Unfair Competition

93. Plaintiffs incorporate the preceding allegations as if they were fully set forth herein.

94. The acts of Defendants described herein constitute unfair competition under Missouri common law, which has and will continue to damage Plaintiffs.

95. Plaintiffs have suffered and will continue to suffer damages as a result of Defendants' acts.

96. Upon information and belief, unless enjoined by this Court, Defendants will continue to engage in the alleged acts of unfair competition.

## Count IX: Preliminary Injunction and Permanent Injunction

97. Plaintiffs incorporate the preceding allegations as if they were fully set forth herein.

98. Plaintiffs request that the Court enjoin Defendants from any and all unauthorized and unlawful use, appropriation, and display of the Applebee's Marks, Registered Work, names, logos, and brands, or the Videos that incorporate the Applebee's Marks, Registered Work, names, logos, and brands.

99. Plaintiffs have shown a likelihood of and actual success on the merits of their claims.

100. Plaintiffs have no plain, speedy, and adequate remedy at law and face irreparable harm to their economic and property interests and rights, resulting from Defendants' unauthorized and unlawful actions.

101. Plaintiffs have been and will continue to be irreparably harmed unless Defendants are preliminarily and permanently enjoined from its unlawful conduct.

102. The harm to Plaintiffs and the public, which is at risk of being confused, mistaken or deceived by Defendants' actions, outweighs any harm to Defendants or others, as neither Defendants nor others will sustain any harm as a result of Defendants being enjoined from unlawfully misappropriating, using, advertising, and selling Plaintiffs' protected Applebee's Marks and Registered Work.

103. A preliminary injunction and permanent injunction will serve the public's interest in restraining unlawful actions, as well as in preventing confusing and deceptive advertising and commercial activities.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order:

1. Finding in favor of Plaintiffs and against Defendants on Plaintiffs' Complaint and the relief requested therein;

2. Providing that Defendants, their agents, employees and all others acting in concert or participation with them, be preliminarily and permanently enjoined from:

   a. Using the Applebee's Marks or any other mark, name or title that incorporates the term APPLEBEE'S, or any colorable imitation thereof or designations similar thereto, in connection with the offering, sale, or promotion of Plaintiffs' goods and services;

   b. Using, copying, or displaying the Registered Work;

   c. Committing any other act calculated or likely to cause the public or trade to believe that Plaintiffs or their business is in any manner connected, licensed, sponsored, affiliated or associated with Defendants, or the business of Defendants, or from otherwise competing unfairly with Defendants;

   d. Passing off any of its goods or services as those of Plaintiffs; and

   e. Causing likelihood of confusion or misunderstanding as to the source or sponsorship of its business, goods, or services; and

3. Ordering the impounding and/or destruction of the Videos and of all of Defendants' advertising and promotional material to the extent that they contain any reference to the Applebee's Marks, the Registered Work, or the Applebee's IP, including all means of producing copies of advertising or promotional material that infringe Plaintiffs' rights;

4. Requiring Defendants to file with the Court and to serve upon Plaintiffs' counsel within ten (10) days of entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which it has complied with such injunction or order;

5. Finding that this case is exceptional and awarding Plaintiffs such damages Plaintiffs have sustained by reason of Defendants' trademark infringement, copyright infringement, and unfair competition, with appropriate interest, and because of Defendants' willful conduct, a judgment trebling such monetary award, pursuant to 15 U.S.C. § 1117;

6. Providing that Defendants account to Plaintiffs for all profits derived from Defendants' wrongful acts of infringement, and order such profits to be paid to Plaintiffs;

7. Awarding to Plaintiffs their reasonable attorneys' fees, costs, and expenses, and such other compensatory damages as this Court may determine to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

8. Awarding to Plaintiffs pre-judgment and post-judgment interest; and

9. Granting any further relief as the Court deems necessary, just, and proper.

Date: April 23, 2015

Respectfully submitted:

DENTONS US LLP

By: /s/ Brian P. Baggott
Brian P. Baggott      MBN 58464
Jacqueline M. Whipple   MBN 65270
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
(816) 460-2400
FAX (816) 531-7545
brian.baggott@dentons.com
jacqueline.whipple@dentons.com

*Attorneys for Defendants*